UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROGER E. LITTLEFIELD, of Dayton, County of York and State of Maine, )<br>)<br>)<br>PLAINTIFF )<br>vs. )<br>)<br>J.P. MORGAN CHASE BANK, N.A. )<br>(d/b/a CHASE CARD SERVICES), and )<br>B-LINE, LLC )<br>)<br>DEFENDANTS ) | CIVIL ACTION<br>Docket No. |

## COMPLAINT

NOW COMES the Plaintiff, Roger E. Littlefield, (hereinafter "Plaintiff"), by and through his counsel James F. Molleur, LLC, and complains against Defendants J.P. Morgan Chase Bank, N.A. (d/b/a/ Chase Card Services) (hereafter referred to as "Chase," for convenience) and B-Line, LLC (hereafter "B-Line,") as follows:

1. Jurisdiction pursuant to 15 U.S.C. § 1692 et seq., 11 U.S.C. § 362, 11 U.S.C. §§ 524 and 105, 28 U.S.C. § 1331, and 28 U.S.C. § 1334(a); venue is appropriate in this District pursuant to 28 U.S.C. § 1408.

## PRELIMINARY STATEMENT

2. Plaintiff is an individual residing in Dayton, County of York and State of Maine.

3. Defendant Chase is a Delaware corporation with principal offices in Wilmington, Delaware, upon information and belief.

4. Upon information and belief, Defendant B-Line is a Washington corporation

with principal offices in Seattle, Washington.

## FACTUAL ALLEGATIONS

5.     The Debtor filed a Chapter 7 Bankruptcy Case on February 5, 2002. Attached as Exhibit A is a true and accurate copy of Debtor's Notice of Filing.

6.     The Debtor listed First Bank USA, N.A. as an unsecured creditor in the Debtor's Schedules. Attached as Exhibit B is a true and accurate copy of the appropriate page from Debtor's schedule F.

7.     First Bank USA, N.A. received the Notice of Filing.

8.     At some point subsequent to Debtor's filing date, the First Bank USA, N.A. account was transferred to Chase.

9.     Debtor's Section 341 Meeting of Creditors took place on March 12, 2002. Neither First Bank USA, N.A., nor Chase attended that meeting.

10.    Debtor received his Discharge on May 15, 2002. Attached as Exhibit C is a true and accurate copy of the Discharge of Debtor.

11.    Upon information and belief, Defendant B-Line purchased the account in June 2003.

12.    Both Chase and B-Line continued to issue monthly reports in Chase's name to at least Equifax and Transunion each month, indicating that Debtor's account was in "collection," until at least November 2004.

13. Upon reviewing his credit report in or around October 2006, Debtor noticed that his Equifax and Transunion credit reports still contained notations indicating a Chase account in collection with a balance date of November 2004.

14. On or about November 13, 2006, Debtor's counsel wrote a letter to Chase and another creditor, requesting that they remove the negative notations and indicating that their continued reports violated the bankruptcy discharge injunction. Attached as Exhibit D is a true and accurate copy of the letter.

15. While the other creditor agreed to remove the notations, upon information and belief, Chase did not respond to the letter from Debtor's counsel.

16. On January 26, 2007, Debtor received a three-in-one credit report, which still contained the negative notations from Chase on his Equifax and Transunion credit reports. Attached as Exhibit E is a true and accurate copy of the page from Debtor's credit report containing the Chase notations.

17. On February 5, 2007, Debtor's counsel received a letter from Defendant B-Line indicating that it had purchased the account in June 2003, that its records indicated that the account had been discharged on or about May 15, 2002, and that B-Line had no intention to collect on the account. Attached as Exhibit F is a true and accurate copy of the letter from B-Line.

## **COUNT I: VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY AND DISCHARGE INJUNCTION BY DEFENDANT CHASE**

18. The Plaintiff realleges and incorporates by reference paragraphs 5-17 of this Complaint.

19. Chase's actions in continuing to seek payment on the account by actively reporting the status of the account as in collection for at least 13 (thirteen) months after Debtor received a discharge are willful, malicious, and or in reckless disregard of 11 U.S.C. §524, and the Bankruptcy Code generally.

20. Chase's actions demonstrate Chase's intention to violate 11 U.S.C. §524.

21. Plaintiff is entitled to receive from Chase actual damages, including costs and attorneys fees, and punitive damages from Chase in this matter pursuant to 11 U.S.C. §§524 and 105.

## COUNT II: VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY AND DISCHARGE INJUNCTION BY DEFENDANT B-LINE

22. The Plaintiff realleges and incorporates by reference paragraphs 5-17 of this Complaint.

23. B-Line's actions in continuing to seek payment on the account by actively reporting the status of the account as in collection from June 2003 until at least November 2004 and failing the removal of the negative notation from Plaintiff's credit reports Thereafter, for more than 43 months after Debtor received a discharge are willful, malicious, and or in reckless disregard of 11 U.S.C. §524, and the Bankruptcy Code generally.

24. B-Line's actions demonstrate B-Line's intention to violate 11 U.S.C. §524.

25.     Plaintiff is entitled to receive from B-Line actual damages, including costs and attorneys fees, and punitive damages from B-Line in this matter pursuant to 11 U.S.C. §§524 and 105.

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT B-LINE

26.     Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

27.     Upon information and belief, B-Line regularly collects debts alleged to be due another and is therefore a debt collector as defined by 15 U.S.C. § 1692.

28.     Beginning in or around June 2003 and continuing until present, B-Line's regular reports to Plaintiff's credit reporting agencies, including but not limited to noting a Chase account in collection on Plaintiff's Equifax and Transunion credit reports, and its ongoing failure to correct those accounts, amounted to engaging in a series of unlawful debt collection practices under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et. seq., including, but not limited to:

a.      conduct, the natural consequence of which was to harass, oppress, and/or abuse the Plaintiff in connection with the collection of a debt (15 U.S.C. § 1692d);

b.      making false representations as to the character, amount, or legal status of a debt (15 U.S.C. § 1692e(2)(a);

c.      communicating to a person credit information known or which should have been known to be false (15 U.S.C. § 1692e(8);

  d. using false representations or deceptive means to attempt to collect a debt (15 U.S.C. § 1692e(10).

 29. Plaintiff is entitled to actual damages plus such additional damages as the court may allow not exceeding $1,000 per violation pursuant to 15 U.S.C. § 1692(k).

## COUNT IV: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT CHASE

 30. Debtor realleges and incorporates by reference paragraphs 5-17 of this Complaint.

 31. Chase is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10).

 32. Debtor is a "consumer" under 10 M.R.S.A. § 1312(2).

 33. Chase regularly and in the ordinary course of its business furnishes information regarding consumers to credit reporting agencies.

 34. Chase violated its duty to avoid furnishing information to Debtor's credit reports that it knew or had reason to know to be inaccurate, pursuant to 10 M.R.S.A. § 1320-A(1)(A).

 35. Chase violated its duty to notify each of Debtor's credit reporting agencies when it determined information it previously reported was inaccurate or incomplete and to affirmatively provide corrections or additional information, pursuant to 10 M.R.S.A. § 1320-A(2).

36. Chase failed to notify Debtor's credit reporting agencies of the discharge of Debtor's obligations through Chapter 7 bankruptcy, pursuant to 10 M.R.S.A. § 1320-A(4).

37. Chase is liable to Plaintiff for the actual damages Plaintiff suffered, including pain and suffering, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for Chase's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

38. In the alternative, Chase is liable to Plaintiff for the actual damages Plaintiff suffered, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for Chase's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

## COUNT V: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT B-LINE.

39. Debtor realleges and incorporates by reference paragraphs 5-17 of this Complaint.

40. B-Line is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10).

41. Debtor is a "consumer" under 10 M.R.S.A. § 1312(2).

42. B-Line regularly and in the ordinary course of its business furnishes information regarding consumers to credit reporting agencies.

43.     B-Line violated its duty to avoid furnishing information to Debtor's credit reports that it knew or had reason to know to be inaccurate, pursuant to 10 M.R.S.A. § 1320-A(1)(A).

44.     B-Line violated its duty to notify each of Debtor's credit reporting agencies when it determined information it previously reported was inaccurate or incomplete and to affirmatively provide corrections or additional information, pursuant to 10 M.R.S.A. § 1320-A(2).

45.     B-Line failed to notify Debtor's credit reporting agencies of the discharge of Debtor's obligations through Chapter 7 bankruptcy, pursuant to 10 M.R.S.A. § 1320-A(4).

46.     B-Line is liable to Plaintiff for the actual damages Plaintiff suffered, including pain and suffering, plus a sum of three times the actual damages, plus the costs of this action, together with reasonable attorney's fees for B-Line's willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

47.     In the alternative, B-Line is liable to Plaintiff for the actual damages Plaintiff suffered, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus the costs of this action, together with reasonable attorney's fees for B-Line's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

### COUNT VI: VIOLATIONS OF THE MAINE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT B-LINE

48.     The Plaintiff realleges and incorporates by reference paragraphs 5-17 of this Complaint.

49. Upon information and belief, B-Line regularly collects debts alleged to be due to others, and is therefore a debt collector as defined by 32 M.R.S.A. § 11002(6).

50. Beginning in or around June 2003 and continuing until present, B-Line's regular reports to Plaintiff's credit reporting agencies, including but not limited to noting a Chase account in collection on Plaintiff's Equifax and Transunion credit reports, and its ongoing failure to correct those accounts, amounted to engaging in a series of unlawful debt collection practices under the Maine Fair Debt Collection Practices Act, including, but not limited to:

   a. conduct, the natural consequence of which was to harass, oppress, and/or abuse the Plaintiff in connection with the collection of a debt (32 M.R.S.A. § 11013(1);

   b. making false representations as to the character, amount, or legal status of a debt (32 M.R.S.A. § 11013(2)(B)(1);

   c. communicating to a person credit information known or which should have been known to be false (32 M.R.S.A. § 11013(2)(H);

   d. using false representations or deceptive means to attempt to collect a debt (32 M.R.S.A. § 11013(2).

51. Plaintiff is entitled to actual damages plus such additional damages as the court may allow not exceeding $1,000 per violation pursuant to 32 M.R.S.A. § 11054.

## COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT CHASE

52. Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

53. Chase's conduct in continuing to make regular reports to Plaintiff's credit reporting agencies suggesting that Plaintiff had an account in collection, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

54. Chase's actions caused Plaintiff severe emotional distress.

55. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

56. Chase intentionally or recklessly inflicted Plaintiff's severe emotional distress or was certain or substantially certain that such distress would result from its conduct.

57. Plaintiff is entitled to recover relief for Chase's intentional infliction of emotional distress.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT B-LINE

58. Plaintiff re-alleges and incorporates by reference paragraphs 5-18 of this complaint.

59. B-Line's conduct in continuing to make regular reports to Plaintiff's credit reporting agencies suggesting that Plaintiff had an account in collection, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

60. B-Line's actions caused Plaintiff severe emotional distress.

61. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

62. B-Line intentionally or recklessly inflicted Plaintiff's severe emotional distress or was certain or substantially certain that such distress would result from its conduct.

63. Plaintiff is entitled to recover relief for B-Line's intentional infliction of emotional distress.

## COUNT IX: INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE BY DEFENDANT CHASE

64. Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

65. Chase has incorrectly reported that Plaintiff has an account currently in collection with his credit reporting agencies.

66. Because Plaintiff's bankruptcy discharged his outstanding accounts, absent and prior to Chase's actions, Plaintiff had a real and valid prospective economic advantage in his ability to acquire credit at a low rate based upon his improving credit score.

67. Chase interfered with that prospective advantage through the use of fraud by falsely reporting that Plaintiff's accounts remain in collection.

68. Chase's conduct was fraudulent because it falsely represented material facts with knowledge of their falsity or reckless disregard of whether they were true or false for the purpose of inducing its competitors to deny plaintiff credit in reliance upon the false information, and those competitors have denied or will deny him credit in the future based upon the reports.

69. Chase's interference with Plaintiff's prospective economic advantage has hindered his ability to obtain credit.

70. Plaintiff is entitled to recover damages from Defendant for its interference with his prospective economic advantage.

## COUNT X: INTERFERENCE WITH A PROSPECTIVE ECONOMIC ADVANTAGE BY DEFENDANT B-LINE

71. Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

72. B-Line has incorrectly reported that Plaintiff has an account currently in collection with his credit reporting agencies.

73. Because Plaintiff's bankruptcy discharged his outstanding accounts, absent and prior to B-Line's actions, Plaintiff had a real and valid prospective economic advantage in his ability to acquire credit at a low rate based upon his improving credit score.

74. B-Line interfered with that prospective advantage through the use of fraud by falsely reporting that Plaintiff's accounts remain in collection.

75. B-Line's conduct was fraudulent because it falsely represented material facts with knowledge of their falsity or reckless disregard of whether they were true or false for the purpose of inducing its competitors to deny plaintiff credit in reliance upon the false information, and those competitors have denied or will deny him credit in the future based upon the reports.

76. B-Line's interference with Plaintiff's prospective economic advantage has hindered his ability to obtain credit.

77. Plaintiff is entitled to recover damages from Defendant for its interference with his prospective economic advantage.

**COUNT XI: INVASION OF PRIVACY: FALSE LIGHT BY DEFENDANT CHASE**

78. Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

79. Chase published false statements and/or representations regarding Plaintiff's liability for the account by regularly sending statements to at least two of the three major credit reporting agencies.

80. The reports issued by Chase were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

81. Chase had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

82. The false statements indicating that Plaintiff has an account in collection would be considered highly offensive to a reasonable person.

83. Plaintiff is entitled to recover damages for Chase's portrayal of him in a false light.

### COUNT XII: INVASION OF PRIVACY: FALSE LIGHT BY DEFENDANT B-LINE

84. Plaintiff re-alleges and incorporates by reference paragraphs 5-17 of this complaint.

85. B-Line published false statements and/or representations regarding Plaintiff's liability for the account by regularly sending statements to at least two of the three major credit reporting agencies.

86. The reports issued by B-Line were published in an arena open to all potential creditors, as well as Plaintiff's potential employers and other members of the public.

87. B-Line had knowledge of the falsity of the statements or acted in reckless disregard of whether they were true or false.

88. The false statements indicating that Plaintiff has an account in collection would be considered highly offensive to a reasonable person.

89. Plaintiff is entitled to recover damages for B-Line's portrayal of him in a false light.

WHEREFORE, Plaintiff prays that this Court sanction Defendants, award such actual damages, including costs, attorneys fees and punitive damages as are appropriate, and grant such further injunctive or other relief as this Court deems just and reasonable.

Dated at Saco, Maine, this 8th day of March, 2007.

JAMES F. MOLLEUR, LLC

By: */s/ James F. Molleur*
    James F. Molleur, Esq.

By: */s/ J. Scott Logan*
    J. Scott Logan, Esq.

    Counsel for Plaintiff
    P.O. Box 619, 209 Main St., Suite 104
    Saco, ME  04072-0619
    (207) 283-3777
    jim@molleurlaw.com
    scott@molleurlaw.com